

## ~~CONFIDENTIAL~~ NEGOTIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE

Manhar Singh ("Singh"), who resides at 79 Willoughby Ave., Hicksville, NY 11801, NY and Nemet Motors, LLC, which maintains its principal offices at 153-12 Hillside Avenue, Jamaica, New York 11432 ("The Company"), agree that:

1. **Definition of Parties.**

   (a) "Releasor" is defined as Manhar Singh and includes his present or former spouse(s), creditors, dependents, executors, administrators, heirs, dependents, successors and assigns. If an obligation or right is that of Singh alone, he will be referred to as "Singh"; and,

   (b) "Released Parties" is defined to include Nemet Motors, LLC, its present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, successors and assigns, and their current and former employees (including, but not limited to, Steve Armengau, Mitch Rolnick, and John Uva), attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

2. **Singh's Commitments.** In exchange for the promises set forth in paragraph "4" below, Singh agrees as follows:

   (a) Singh or his counsel will execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all claims or every and any kind, whether known or unknown, asserted or unasserted, that Releasor has or may have against Released Parties relative to any matter of any kind whatsoever existing or which could exist as of the date of the execution of this Agreement. No claim against Released Parties shall survive this Agreement;

   (b) Singh affirms that, as of his execution of this Agreement, he has not filed or caused to be filed any claim of any kind (except for the matter pending before the United States District Court Eastern District of New York (case no. 15-CV-04151 (LDW)(GRB) which he agrees to withdraw with prejudice) and is not a party to any other claims against Released Parties.

3. **General and Unlimited Release of All Claims by Singh.**

   (a) **General Release of Claims.** Releasor knowingly and voluntarily releases and forever discharges Released Parties of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement, which Releasor has or may have against Released

1

Parties, and also covenants not to file any claim or suit and generally and fully waives all claims, including, but not limited to, the claims contained in the Complaint, and any alleged violation of:

- The Age Discrimination in Employment Act of 1967;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- Title VII of the Civil Rights Act of 1964;

- The Employee Retirement Income Security Act of 1974;

- The Sarbanes-Oxley Act of 2002;

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The National Labor Relations Act;

- The Equal Pay Act;

- The Workers Adjustment and Retraining Notification Act;

- The Occupational Safety and Health Act;

- The Fair Credit Reporting Act;

- The Fair Labor Standards Act;

- The Family and Medical Leave Act of 1993;

- The False Claims Act;

- The New York Correction Law, including Sections 750-755 thereof;

- The New York State Executive Law (including its Human Rights Law);

- The New York State Labor Law;

- The New York False Claims Act;

- The New York wage, wage-payment, wage theft and wage-hour laws;

- New York City Human Rights Law

- Any local or county law, rule or requirement of any kind;

2

- Any other federal, state or local human rights, discrimination, retaliation, civil rights, benefits, pension, whistleblower, labor, *qui tam* or any other federal, state or local constitution, law, rule, regulation, or ordinance of any kind;

- Any benefit, payroll or other plan, policy or program;

- Any public policy, contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;

- Any amendments to the foregoing laws; and,

- Any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

(b)  <u>Claims Not Released</u>.  Singh is not waiving any rights he may have to: (a) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (b) to pursue claims which by law cannot be waived by signing this Agreement; and/or (c) enforce this Agreement.

(c)  <u>Governmental Agencies</u>.  Nothing in this Agreement prohibits or prevents Singh from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency, nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Singh's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Singh agrees that if such administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies (and all monies paid hereunder shall be a set-off against any relief or recovery);

(d)  <u>Collective/Class Action Waiver</u>.  If any claim is not subject to a release, to the extent permitted by law, Singh waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which The Company or any other Released Parties identified in this Agreement is a party.  In the event any class or collective action is brought against Released Parties, which includes or may include Singh, upon learning of Singh's inclusion, Singh immediately shall withdraw therefrom without obtaining or accepting any relief or recovery; and,

(e)  Singh acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to a released claim.  He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

3

4.      **Consideration.**

(a)      In exchange for the promises made herein by Singh, including the general and unlimited release of all claims that Releasor has or may have against Released Parties, and ~~subject to the terms of the confidentiality covenant~~ and other terms of this Agreement, The Company agrees to pay to Singh the gross total sum of Twenty Six Thousand Dollars and No Cents ($26,000.00) (the "Payment"), less lawful deductions, as follows:

i.      A check made payable to "Manhar Singh" for the sum of Eight Thousand Four Hundred Fifty Dollars and Zero Cents ($8,450.00), less lawful deductions, as and for alleged lost wages, for which a W-2 form will be issued to Singh, based upon the W-4 form last on file at the Company.;

ii.      A check made payable to "Manhar Singh" for the sum of Eight Thousand Four Hundred Fifty Dollars and Zero Cents ($8,450.00), as and for liquidated damages, for which a form 1099 will be issued to Singh; and,

iii.      A check made payable to "Zabell & Associates, P.C." for the sum of Nine Thousand One Hundred Dollars and Zero Cents ($9,100.00), as and for alleged attorney's fees, for which forms 1099 will be issued to Singh and to his law firm, Zabell & Associates, P.C. (Tax ID Number: 20-2590945).

The Payment set forth in paragraph 4(a)(i)-(iii) will be sent via Federal Express to Singh's counsel, Zabell & Associates, P.C., One Corporate Drive, Ste. 103, Bohemia, New York 11716, within ten (10) calendar days after the Court approves this Agreement.

(b)      The Payment is in consideration of a complete settlement, release and waiver of all claims of any and every kind, including, but not limited to, claims for alleged lost or unpaid wages; benefits; compensation; mental, physical or other personal injuries; pain and suffering; attorney's fees; costs; and, any other relief of any kind, known or unknown, asserted or unasserted, that Releasor may have against Released Parties; and,

(c)      Regardless of any tax withholding or other deductions, Singh must ensure that all of his tax obligations relating to the Payment properly are paid. In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing by Plaintiff as a result of the Payment, such taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Singh, who agrees to hold harmless and indemnify the Company from any of his tax-related liability.

4

5.   **No Other Entitlement.**

(a)   Singh affirms that he has not filed, caused to be filed, or presently is a party to any claim against Released Parties in any forum except for the matter pending before the United States District Court Eastern District of New York (case no. 15-CV-04151 (LDW)(GRB) which he immediately agrees to withdraw with prejudice.

(b)   Singh further affirms that he: (i) has been paid and has received all compensation, wages, bonuses, commissions, benefits and/or other monies to which he was entitled from Released Parties and that no leave (paid or unpaid), compensation, wages, or benefits are due to his from Released Parties; (ii) has been paid in full for all hours worked; and (iv) is not entitled to any monies, relief or recovery whatsoever, except as set forth in paragraph "4" of this Agreement;

(c)   Singh further affirms that he has no known workplace injury or occupational disease for which a claim for workers' compensation benefits could be made or an award of benefits could be issued against Released Parties;

(d)   Singh acknowledges that because of circumstances unique to his, he does not wish to hold any position with The Company, or any enterprise or entity affiliated with The Company, now or in the future and, therefore, shall not apply in the future for employment with these entities or individuals; and

(e)   Singh is not a Medicare beneficiary as of the date of this release and no conditional payments have been made by Medicare for any reason whatsoever.

6.   **Non-Admission of Wrongdoing.**   The Company denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the Complaint, proceeding, document or statement whatsoever by or on behalf of Singh against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by The Company of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, The Company's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever.

7.   **Confidentiality.**

(a)   Singh shall not, except as compelled by law, publicize or disclose to any person any allegations of unlawful conduct by The Company or the terms of this Agreement. This covenant of confidentiality includes, but is not limited to, the claims of unlawful conduct asserted in any demand letters sent on Singh's behalf, the terms of this Agreement and Singh's receipt of the Payment hereunder. Other than as required by law or governmental agency, no such disclosure will be made to anyone by Singh other than to discuss

5

the terms hereof with his attorney, spouse or tax advisor (all of whom must first agree not to make any disclosure Singh himself could not make);

      (b)    Singh affirms that, as of the date of execution hereof, he has not told any current or former employee of The Company about the terms, conditions or amount to be paid under this Agreement and covenants not to do so;

      (c)    Singh understands and agrees that any violation of this covenant of confidentiality, whether by Singh or by an individual to whom limited disclosure is authorized pursuant to Paragraph 7(a), shall constitute a material breach of this Agreement, and which may be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement). If it is established that Singh breached or caused any breach of this covenant of confidentiality by a court or arbitrator, Singh will reimburse The Company for reasonable attorneys' fees and costs incurred enforcing this provision, (but Singh shall remain bound by the general and unlimited release of all claims contained herein);

      (d)    In the event Singh believes he is compelled by law to provide or disclose information described in this paragraph, notice of such request for disclosure shall be sent promptly via email, to counsel for The Company at the following email addresses: Jamie@mllaborlaw.com.

      (e)    Singh will return all documents, emails, etc., that he received or obtained, while employed by the Company and will tender it to counsel for the Company.

      **9.**    **Severability and Modification.** If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the court, administrative agency or other entity has the full authority to interpret or modify all such provisions to be enforceable and is directed to do so. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect. However, if the general and unlimited release of all claims contained herein is limited or held to be null and void, (i) this Agreement shall be interpreted to bar any claim Releasor may assert against Released Parties; (ii) Singh shall execute an enforceable general and unlimited release of all claims on behalf of Releasor against Released Parties without receiving additional consideration. However, if (9)(i) and (ii) cannot be done, as a matter of law, then Singh shall return, upon demand by The Company, the Payment made hereunder, or, if return of the Payment is not permitted by law and any claim is found not to be settled, waived or barred for any reason, such gross amount shall be set-off completely against any settlement or recovery.

      **10.**    **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court in the County of Suffolk, by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

11. **No Waiver.**   Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

12.   **Section Headings.**   Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

13.   **Entire Agreement.**

(a)   This Agreement represents the complete understanding among the Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential claims, whether known or unknown, that Releasor may have against Released Parties;

(b)   No other promises or agreements shall be binding or shall modify this Agreement.  This Agreement can be modified only as provided in paragraph 9, above, or by a written document, signed by Singh and an authorized representative or representatives of The Company, that recites the specific intent to modify this Agreement;

(c)   This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(d)   Singh acknowledges that he has not relied on any representation, promise, or agreement of any kind made to his in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

14.   **Non-Disparagement and Neutral Reference.**   Singh agrees not to defame, disparage or demean Released Parties in any manner whatsoever.  Releasor shall not defame, disparage or demean or make any statement or disclosure to anyone or any oral or written statement relating to Released Parties, including, but not limited to, anything that is or could be seen as discriminatory, harassing, degrading or embarrassing to Released Parties.  Singh will direct all requests for a reference to Scott Perlstein, President, or his successor.  If The Company receives any inquiry regarding Singh, it shall state that pursuant to Company policy it can only confirm Singh's last position held and dates of employment.

15.   **Competence to Waive Claims.**   Singh is competent to affect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement.  Singh is not a party to any bankruptcy, lien, creditor-debtor or

7

other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasor.

16.   Execution.

(a)   The meaning, effect and terms of this Agreement have been fully explained to Singh by his counsel, Zabell & Associates, P.C.  Singh fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Released Parties.  Singh selected his counsel voluntarily and is fully satisfied with the advice and counsel provided by Zabell & Associates, P.C.;

(b)   Singh confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of The Company to execute this Agreement; and,

(c)   This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document.  A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect.  However, the Agreement will not be binding on The Company, and The Company will not be obligated to provide the Payment until after authorized agents of The Company execute the Agreement.

8

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, SINGH FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST THE COMPANY.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 12/15 , 2015          By: _____
                                  MANHAR SINGH

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Queens     )

On the 15 day of December in the year 2015, before me, the undersigned notary public, Manhar Singh personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Negotiated Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

PATRICK LEUNG
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01LE6176036
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES OCT 01, 2019

_____
Signature and Office of individual
taking acknowledgment

NEMET MOTORS, LLC

Dated: 12/15 , 2015          By: _____
                                  Scott Perlstein

Title:  President/Chief Executive Officer

CONSISTENT WITH THE 2d CIRCUIT'S DECISION IN CHEEKS v. FREEPORT PANCAKE HOUSE AND RELATED LAW, UPON REVIEW, I FIND THE SETTLEMENT TO BE FAIR & REASONABLE, AND OTHERWISE CONSISTENT WITH APPLICABLE LAW.
SO ORDERED.

_____ GMJ.

1/6/16.

9